UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTON KARABA,

    Plaintiff,

v.                                            Case No: 2:16-cv-664-FtM-99MRM

DSI SECURITY SERVICES,

    Defendant.
_____/

**OPINION AND ORDER**[1]

This matter comes before the Court on Defendant DSI Security Services' Motion to Dismiss (Doc. 13) dated January 10, 2017. Plaintiff Anton Karaba, appearing *pro se*, filed a response in opposition on February 3, 2017. (Doc. 13). As set forth below, Defendant's motion is granted.

**BACKGROUND**

Approximately five months ago, Plaintiff filed this suit for employment discrimination and retaliation. (Doc. 1, Doc. 1-1). The Court ordered him to file an amended complaint because he failed to allege sufficient facts establishing discrimination and to state each allegation in separate, numbered paragraphs. (Doc. 4). Plaintiff then

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

filed an Amended Complaint, which appears to cure the pleading deficiencies. (Doc. 5; Doc. 6).

Plaintiff is a fifty-two year old, Caucasian man from Slovakia. (Doc. 5 at 1). He alleges that on April 25, 2016, Defendant fired him after he complained about favorable treatment of two African American co-workers. (Docs. 1 at 1-2; 1-1). On May 27, 2016, Plaintiff filed an intake questionnaire with the United States Employment Opportunity Commission ("EEOC"). (Doc. 1-1 at 2-5). Although he indicated that he wanted to file a charge of discrimination in his questionnaire, he has not filed any EEOC charge. (*Id.* at 5). In addition, Plaintiff has not filed a notice of right-to-sue letter.

## DISCUSSION

Defendant moves to dismiss the Amended Complaint because Plaintiff has failed to exhaust his administrative remedies before filing suit in this Court. (Doc. 13 at 1-2). Plaintiff does not respond substantively but asserts that he does not agree with Defendant's motion. (Doc. 20).

A motion to dismiss for failure to exhaust administrative remedies is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. See *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). "In order to file a judicial complaint under Title VII, a plaintiff must first administratively exhaust any claims by filing a charge with the EEOC." *Francois v. Miami Dade Cnty.*, 432 F. App'x 819, 821 (11th Cir. 2001) (citations omitted). "[T]he scope of [a] judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (citation omitted). This means that a plaintiff must allege that he filed a charge with the EEOC and "receive[d] statutory notice from the EEOC of

2

[his] right to sue the [defendant] named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996). Once a plaintiff receives a notice of right-to-sue letter from the EEOC, he has 90 days to file a complaint. *See* 42 U.S.C. § 2000e-5(f)(1); *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007). A Title VII plaintiff bears "the burden of proving all conditions precedent to filing suit[.]" *Miller*, 223 F. App'x at 845,

Here, Plaintiff not only failed to provide a notice of right-to-sue, but he also failed to show that he filed a discrimination charge with the EEOC. Instead, Plaintiff attached an intake questionnaire that he filed with the EEOC. (Doc. 1-1 at 2-5). The Eleventh Circuit has cautioned that "an intake questionnaire is not intended to function as a charge[.]" *Pijenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir. 2001).

Because Plaintiff has not shown that he has exhausted his administrative remedies prior to filing this suit, the Amended Complaint is dismissed without prejudice. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies."). The Court will grant Plaintiff an opportunity to file a second amended complaint that attaches a notice of right-to-sue letter he received from the EEOC.

Accordingly, it is now

**ORDERED:**

    1. Defendant DSI Security Services' Motion to Dismiss (Doc. 13) is **GRANTED**. The Amended Complaint is **dismissed without prejudice**.

2. Plaintiff Anton Karaba may file a second amended complaint on or before **February 28, 2017. Failure to do so will result in this case being dismissed with prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of February, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record